# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

LAWRENCE GILLEN )
and MICHELLE GILLEN )
)
           Plaintiffs, )    C.A. No. N13C-09-250 RRC
   v. )
)
JOSEPH T. KEENAN )
and SONS, INC., a Delaware Corp., )
D/B/A/ Keenan Auto Body, Inc., )
HAGERTY INSURANCE )
AGENCY, LLC and ESSENTIA )
INSURANCE COMPANY )
)
           Defendants. )

Submitted: September 19, 2014
Decided:  November 7, 2014

Upon Plaintiffs' Motion for Reconsideration of Commissioner's
Recommendation.
**COMMISSIONER'S RECOMMENDATION ACCEPTED.**

# <u>ORDER</u>

Leo J. Ramunno, Esquire, Wilmington, Delaware, Attorney for Plaintiffs

Gary W. Aber, Esquire, Wilmington, Delaware, Attorney for Defendant Joseph
T. Keenan and Sons, Inc., A Pennsylvania Corporation

COOCH, R.J.

    This 7th day of November, 2014, it appears to the Court that:

1. Plaintiffs Lawrence and Michelle Gillen filed a complaint against Defendant Joseph T. Keenan and Sons., Inc and two insurance companies in September 2013. The complaint stems from repairs allegedly not completed on an antique vehicle, which, through a series of events this Court need not detail, remains in the possession of Defendant Keenan in Pennsylvania. Count I of the complaint plead Replevin against Defendant Keenan only. Defendant Keenan has challenged the right of Plaintiffs' to pursue a replevin action in Delaware when the property was located in another state.[1]

2. This Court referred Count I to a Commissioner in November 2013 for a hearing on the issue of whether this Court has jurisdiction over a replevin action for a vintage automobile which is not actually located in Delaware. After briefing and argument on Count I, the Commissioner submitted a report on July 10, 2014 that contained findings of fact and recommendations. The Commissioner found that the Court lacked *in rem* jurisdiction for purposes of a replevin action and recommended that Count I of Plaintiffs' complaint be dismissed.[2]

3. Plaintiffs filed an appeal from the Commissioner's Report, arguing that this Court "has personal jurisdiction of the Defendant and doesn't need *in rem* jurisdiction over the vehicle."[3]

4. Defendant Keenan responded to Plaintiffs' appeal. Defendant argues that the vehicle is located in Pennsylvania, and because the vehicle is not within this state, this Court lacks the *in rem* jurisdiction needed to preside over the replevin action.[4]

5. This Court finds no *in rem* jurisdiction in this case. "An action for replevin cannot be successfully maintained unless the property is within the state and is subject to the jurisdiction of the courts."[5]

---

[1] *See* Comm'rs Report, Findings of Fact and Recommendations at 2-3.
[2] *See* Comm'rs Report, Findings of Fact and Recommendations at 5-6.
[3] Plaintffs' Appeal from Comm'r's Report at 1.
[4] *See* Defendant's Response to Plaintiffs' Appeal from Comm'r's Report.
[5] *See R.J. Casho Marine Towing Corp. v. Dann*, 1985 WL 5860 (Del. Super. Oct. 28, 1985); *See also* 66 Am. Jur. 2d Replevin § 40 (2014) ("Generally speaking, replevin is a possessory action, and therefore, it requires *in rem* jurisdiction over the subject matter . . . .").

6. There is no dispute amongst the parties that the vehicle is currently, and has at all relevant times been, located in Pennsylvania. As a result, this Court does not have the necessary *in rem* jurisdiction to proceed with the adjudication of Plaintiffs' replevin action. Rather, "the proper forum for a replevin action is the state where the subject matter is situated."[6]

7. Finally, this Court notes Plaintiffs' contention that this Court has personal jurisdiction over the Defendant, but finds that personal jurisdiction is not the relevant consideration at this juncture. Plaintiffs are pursuing a replevin action, and *in rem* jurisdiction is required to maintain such an action.

Therefore, the Commissioner's Recommendation is **ACCEPTED** and Count I of Plaintiff's complaint is **DISMISSED.**

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

cc:     Prothonotary

---

[6] *DVI Fin. Serv., Inc. v. Imaging Mgmt. Assoc., Inc.*, 1995 WL 269073 (Del. Super. Apr. 13, 1995) (citing *Hanson v. Denckla*, 357 U.S. 235 (1958)).